IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES EDWARD JONES | : | |
| Petitioner | : | |
| v | : | Civil Action No. WMN-06-17 |
| FCI-CUMBERLAND, | : | |
| LISA J.W. HOLLINGSWORTH, | | |
| LEON BRYAN, | : | |
| HARLEY LAPPIN, and | | |
| ROD J. ROSENSTEIN | : | |
| Respondents | : | |

o0o

**MEMORANDUM**

The above-captioned Petition for Writ of Mandamus, filed January 3, 2006, seeks an Order from this court requiring Respondents to transfer Petitioner to a rehabilitation facility in Pheonix, Arizona. Paper No. 1. Because he appears to be indigent, Petitioner's Motion to Proceed In Forma Pauperis shall be granted. Paper No. 2. For the reasons that follow, the Petition shall be denied.

Petitioner alleges that he is scheduled for release from federal custody on January 27, 2006, whereupon his one-year supervised release obligation will begin. Paper No. 1 at p. 1. He claims that he has a forty year history of substance abuse and addiction, but Respondents have not arranged for his release to a long-term residential substance abuse treatment facility in accordance with 18 U.S.C. §1361(b). *Id*. at pp. 1–2. He further claims that he was scheduled for release to a 45-day halfway house, but that he has refused the assignment because no substance abuse treatment would be provided at the facility. *Id*. at p. 2. He seeks an order from this court forcing Respondents to: make arrangements for the transfer of his supervised release to Phoenix, Arizona; requiring Respondents to contact the Salvation Army Rehabilitation Center to enroll

him in that program; compelling Respondents to transport him to Arizona; and requiring Respondents to notify this court of compliance. *Id*. at p. 3.

Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show: that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F.Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See National Association of Government Employees v. Federal Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy and is a matter of judicial discretion. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Oregon Nat. Resource Council v. Harrell*, 52 F. 3d 1499, 1508 (9th Cir. 1995). Thus, mandamus cannot be used to compel the performance of discretionary duties of federal government officers, but will lie only to compel ministerial acts. *See Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480 (D.C. Cir. 1995); *Plato v. Roudebush*, 397 F. Supp. 1295, 1304-05 (D. Md. 1975). A ministerial act is one in which the law prescribes and defines a duty to be performed with such precision as to leave nothing to the exercise of discretion or judgment. *See Neal v. Regan*, 587 F. Supp. 1558, 1562 (N.D. Ind. 1984).

Providing substance abuse treatment to federal prisoners is a discretionary function. Despite Petitioner's contention to the contrary, such treatment is not compelled by 18 U.S.C. § 3621.[1] The Bureau has been granted the exclusive authority to designate the place of confinement of a federal prisoner. *See Fagiolo v. Smith*, 326 F. Supp. 2d 589, 592– 293 ((M.D. PA 2004) (prisoner is entitled under statute to consideration for transfer but is not entitled to transfer to a particular placement). There is nothing to suggest that Respondents have an enforceable obligation to place Petitioner in a long term substance abuse facility. Consequently, he has failed to allege facts delineating a clear legal right or a clear legal duty entitling him to the relief he seeks. A separate Order dismissing the Petition follows.

/s/

January 12, 2006
Date

William M. Nickerson
Senior United States District Judge

---

[1] That statute provides, in pertinent part that: [t]he [Federal] Bureau [of Prisons] shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse. 18 U.S.C. §3621(b).